UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 06-50165-01 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CHRISTOPHER E. CRAWFORD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Defendant Christopher E. Crawford ("Crawford") moves to vacate his conviction under 28 U.S.C. § 2255. [Record Document 131]. Because Crawford's motion was filed more than a year after his conviction became final and because the void-for-vagueness holding of *Johnson v. United States* is inapplicable to his case, his motion is **DENIED**.

### Facts

Crawford was charged with variety of federal offenses related to his role in a drug conspiracy. [Record Document 9]. He ultimately pled guilty on January 24, 2007 to Conspiracy to Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846. [Record Document 39]. On May 3, 2007, he was sentenced to 180 months imprisonment. [Record Document 65]. He did not file a direct appeal. On June 22, 2016, Crawford filed the instant motion. [Record Document 131].

### Law and Analysis

A motion to vacate under § 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

1

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (2012). If a defendant does not appeal a judgment of conviction, the judgment becomes final fourteen days after it is entered. *United States v. Morgan*, 845 F.3d 664, 666 n.1 (5th Cir. 2017) (citing Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 527 (2003)). Crawford's one-year limitation period thus commenced on May 18, 2007 following the expiration of the delay for appealing his conviction. [Record Document 66].

Crawford argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson v. United States*. 135 S. Ct. 2551 (2015). [Record Document 132 at 1-2]. The Armed Career Criminal Act ("ACCA") increases sentences for firearm possession when an offender has three previous convictions for "violent felonies," which include felonies "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1), (e)(2)(B)(ii) (2012). In *Johnson*, the Supreme Court held that this clause—known as the residual clause—was unconstitutionally vague. 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held that *Johnson*'s rule was retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Crawford filed the instant petition on June 22, 2016. [Record Document 760 at 13]. Therefore, if *Welch* and *Johnson* apply to Crawford, then his motion to vacate is timely.

When sentencing Crawford, this Court applied § 4B1.1 of the Sentencing Guidelines, a provision that enhances the sentences for career criminals. [Record Documents 66 at 1, 104 at 8, and 130 at 1]. Under the version of the career criminal guideline in effect at the time of Crawford's sentencing, a prior conviction qualified for the enhancement if it "involve[d] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2006 ed.). Although this language is identical to that ruled unconstitutional in *Johnson*, the Supreme Court has clearly held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) is therefore not void for vagueness."[1] *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Because Crawford's sentence was enhanced under the Sentencing Guidelines and not under the ACCA, *Johnson* and *Welch* are inapplicable.[2] Hence, Crawford's motion is untimely.

## Conclusion

Crawford's motion to vacate is timely only if *Johnson* and *Welch* provide him with relief. Because neither case provides a basis for challenging U.S.S.G. § 4B1.2(a)(2) as void for vagueness, Crawford's motion is time-barred. **IT IS ORDERED** that the motion to vacate [Record Document 131] is **DENIED**.

---

[1] The Sentencing Commission has since amended the Guidelines to remove the residual clause. U.S.S.G. § 4B1.2(a)(2).

[2] Crawford also argues that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), requires vacating his sentence. [Record Document 163 at 2]. In *Dimaya*, the Supreme Court held that a residual clause incorporated by reference into the Immigration and Nationality Act shared the same infirmities that caused the Court to strike down the residual clause in the ACCA. 138 S. Ct. at 1216. *Dimaya* did not even cite *Beckles* even though *Beckles* was decided in the previous term. This Court declines to find that *Dimaya* implicitly overruled *Beckles*.

Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to the movant. This Court, after considering the record and the standard set forth in 28 U.S.C. § 2253, **DENIES** a certificate of appealability because Crawford has not made a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of MARCH, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE